**David DIFFENDERFER, Plaintiff–Appellant,**

v.

**AEROMET, INC., Defendant–Appellee.**

**No. 76185.**

Court of Appeals of Oklahoma, Division 2.

Feb. 9, 1993.

Rehearing Denied March 8, 1993.

Certiorari Denied May 4, 1993.

William E. Hughes, Tulsa, for plaintiff-appellant.

Kathy R. Neal, L. Dru McQueen, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, for defendant-appellee.

## MEMORANDUM OPINION

RAPP, Presiding Judge.

Trial court plaintiff, David Diffenderfer, appeals a grant of summary judgment in favor of defendant, Aeromet, Inc., on his action for wrongful discharge from employment.

Diffenderfer was hired by Aeromet as a technical support engineer on May 9, 1988. In January 1989, Diffenderfer's employment was terminated due to Aeromet's re-duction in force. Diffenderfer brought this action for wrongful discharge, alleging breach of contract, violation of 40 O.S.1981 §§ 167 and 170, and gross negligence and reckless disregard for the rights of others.

The facts are rather simple. The plaintiff was, at the time of Aeromet's offer, an unemployed thirty-year aerospace veteran who had held twelve jobs in this period with at least two layoffs. He styled himself as an "aerospacer," and considered Aeromet to be an aerospace company. He was familiar with the short job duration within this employment market. He received an offer of employment from Aeromet which in pertinent part stated:

We are pleased to offer you the position of Technical Support Engineer in our Engineering Division ... for projects that are in transition from engineering development into fields operations and/or into production.

Your initial salary will be $47,000 per year. Reviews are given after six months of employment, twelve months of employment, and every twelve months thereafter....

I look forward to working with you.

He accepted the offer, began employment and was laid off due to a reduction in force approximately eight months later. He brought suit, which the trial court terminated in its grant of summary judgment in favor of the defendant. Diffenderfer appeals.

Diffenderfer asserted five allegations of error in his petition in error and reduced these to three in his brief.

Diffenderfer asserts he was a permanent employee for the "balance of his career." He advances his basis for this concept when in deposition he stated:

Q. You say that you had come to an agreement, and by that you mean that they had agreed to pay you the money you asked; they were going to pay your expenses and they were going to employ you?

A. That's correct.

Q. Okay, and you considered that to be a permanent offer of employment?

A. Yes.

He does not deny he was employed or paid the salary stated, nor does he assert a breach of any implied covenant of good faith or fair dealing. He also admits this jurisdiction follows the "employee-at-will" doctrine, as set forth in *Burk v. K–Mart Corp.*, 770 P.2d 24 (Okla.1989).

We have reviewed the record and cannot find any indication of a permanent or tenured employment offered or extended the plaintiff. What we do see is a plain vanilla offer of employment to a technical support engineer "for projects that are in transition from engineering development into field operations and/or production," in short, the development phases of research and development projects to practical potential uses. The plaintiff, being familiar with aerospace companies in his thirty years of experience, cannot be heard to assert in good faith that Aeromet, as an aerospace company, offered any employment other than an at-will employment for as long as an economically viable project existed and he could be utilized. Aeromet's written offer did not specify a term of employment and thus was of an indefinite nature and subject to termination at any time without cause and "without incurring liability for breach of contract." *Id.* at 26. Aeromet's offer was to be accepted by Diffenderfer reporting to work "not later than May 29, 1988," which he apparently did do. Thus, we must hold that Aeromet, in paying Diffenderfer the money he asked, paying his moving expenses and employing him, did not by these acts, as asserted by Diffenderfer, create a permanent employment for him but, on the contrary, intended to and did hire him as an employee at will and subject to the conditions thereof. *See id.*

Diffenderfer next erroneously asserts Aeroment's violation of 40 O.S.1991 §§ 167 and 170. However, examination of the principal statute, section 167, clearly shows this statute is inapplicable for four reasons: (1) plaintiff was hired as an engineer and given work of that nature; (2) the record discloses no "false or deceptive representations" given to him; (3) he was paid the compensation agreed to; and (4) there were no strikes or labor problems at Aeromet.

Diffenderfer finally asserts negligence in his hiring by Aeromet's failure to disclose its contract-dependent employment and its duration. We disagree for two reasons. First, plaintiff was an experienced aerospace engineer, admittedly knowledgeable in the relatively short duration of aerospace employment involving governmental contracts. He knew Aeromet was an aerospace company and dependent on government contracts. Finally, he was given no assurances upon which he relied that his was to be a permanent, lifetime employment or any other type of tenured employment other than that stated in his offer of employment—an employment at will. Secondly, we are unable to find the existence of "negligent termination" as a stated cause of action within this jurisdiction, nor has the plaintiff attempted to define it or its elements other than to assert its existence. *Burk* defines the employment-at-will conditions within this state and does not recognize the plaintiff's allegation of "negligent termination" in employment practices. Nor may we under the facts here presented.

The decision of the trial court is affirmed.

REIF, V.C.J., and BOUDREAU, J. (by designation), concur.